**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GARY VAUGHN,**               ) | |
| )                              | |
| **Plaintiff,**        ) | |
| )                              | |
| **vs.**                        ) | **Case No. 06-cv-4038-MJR** |
| )                              | |
| **MICHAEL JOHANNS, SECRETARY**  ) | |
| **OF THE UNITED STATES**        ) | |
| **DEPARTMENT OF AGRICULTURE,**  ) | |
| **JOB CORPS NATIONAL FIELD**    ) | |
| **OFFICE,**                     ) | |
| )                              | |
| **Defendant.**        ) | |

...........................................................................................................................................................

| | |
|---|---|
| **CHUCK TWARDOWSKI,**          ) | |
| )                              | |
| **Plaintiff,**        ) | |
| )                              | |
| **vs.**                        ) | **Case No. 06-cv-4039-MJR** |
| )                              | |
| **MICHAEL JOHANNS, SECRETARY OF** ) | |
| **THE UNITED STATES DEPARTMENT**  ) | |
| **OF AGRICULTURE, JOB CORPS**     ) | |
| **NATIONAL FIELD OFFICE,**        ) | |
| )                              | |
| **Defendant.**        ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiffs' motion to reconsider consolidation and to sever cases

(Doc. 26).  For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

**I.**     **Factual & Procedural History**

On February 13, 2006, Plaintiffs, Gary Vaughn  and Chuck Twardowski, Caucasian

employees of Defendant United States Department of Agriculture, filed separate lawsuits alleging

that they were denied promotion to a senior position because of racial discrimination, in violation

of **Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e,** *et seq*.  Plaintiffs allege that

another employee of Defendant, an African-American, was promoted to the position in spite of being

neither the most qualified nor the highest scoring applicant.

On February 13, 2007, the Court granted Defendant's motion to consolidate pursuant

to Fed.R.Civ.P. 42(a) and consolidated Vaughn's and Twardowski's cases.  Plaintiffs move the

Court to reconsider that ruling and to sever the cases.  Plaintiffs assert that, by consolidating the

cases, the Court has created competition between the Plaintiffs, added an element of proof and

jeopardized their right to counsel of their choice.

## II.     Analysis

The Federal Rules of Civil Procedure do not provide for motions to reconsider.

However, such motions are generally filed under either Rule 59(e) or Rule 60(b).  The Court notes

that Plaintiffs did not cite to either rule in their motion.  If a motion to reconsider is filed within ten

days of entry of judgment, **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** applies.  If the motion to

reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b)

applies. ***See, e.g., Talano v. Northwestern Medical Faculty Foundation,* Inc., 273 F.3d 757, 762**

**(7th Cir. 2001);** *Britton v. Swift Transp. Co., Inc.***, 127 F.3d 616, 618 (7th Cir. 1997)**.  *Accord*

*Borrero v. City of Chicago,* **456 F.3d 698, 699 (7th Cir. 2006).**

The Order that Plaintiffs request that the Court reconsider was entered on February

13, 2007.  Plaintiffs' motion for reconsideration was filed on March 29, 2007, which is more than

ten days after the entry of the Court's Order.  Accordingly, Rule 60(b) applies.  Rule 60(b) permits

a district court to relieve a party from an order or judgment on the following narrow grounds:

mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other

reason justifying relief" from operation of the judgment or order.

A Rule 60(b) motion cannot be used to correct simple legal errors.  "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'"  *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).**  The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail.  *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

The Court notes that Plaintiffs have cited no case law in support of their assertions that, by consolidating the cases, the Court has created competition between Plaintiffs, added an element of proof and jeopardized their right to counsel of their choice.  The Court agrees with Defendant's position, which is soundly based on Seventh Circuit precedent.

Defendant cites the Seventh Circuit's loss of chance doctrine, which, the Court finds, is applicable to this case.  *See Doll v. Brown*, **75 F.3d 1200 (7th Cir. 1996)**.  In *Doll*, the Seventh Circuit stated that the lost-chance doctrine struck the Court as ". . . peculiarly appropriate in employment cases involving competitive promotion" and commended consideration of the doctrine as a "possible method of arriving at more just and equitable results in cases such as this."  **75 F.3d at 1206**.  In an inherently competitive setting where more than one applicant for a job may have been discriminated against, it is for the jury to determine what percentage chance each applicant would have had to obtain the job, absent discrimination, and to calculate damages.  *Id. See also Alexander v. City of Milwaukee,* **474 F.3d 437, 449 (7th Cir. 2007) (in discriminatory promotion cases, the loss of chance doctrine "appropriately quantifies each plaintiffs' [sic] monetary loss when what they in fact lost was a chance to compete on fair footing, not the promotion itself")**.

Additionally, under Seventh Circuit precedent, Plaintiffs are not each entitled to recover *full* compensation. ***See Bishop v. Gainer,* 272 F.3d 1009 (7th Cir. 2001).** In *Bishop*, the Court stated that, in a situation involving multiple candidates for a single promotion, "a full award to each candidate in such a situation would not be simply wrong, it would be obviously wrong." **272 F.3d at 1015-1016 (citing *Doll*, 75 F.3d at 1206)**.

### III.    Conclusion

Plaintiffs have presented no "special circumstances" to justify an "extraordinary remedy," such that this Court should reconsider its ruling. Accordingly, the Court finds that these cases are properly consolidated and **DENIES** Plaintiffs' motion to reconsider consolidation and to sever cases  (Doc. 26).

**IT IS SO ORDERED.**

**DATED this 17th day of April, 2007**


<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**