IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL JOHANNS, SECRETARY OF | ) |
| THE UNITED STATES DEPARTMENT | ) |
| OF AGRICULTURE, JOB CORPS | ) |
| NATIONAL FIELD OFFICE, | ) |
| | ) |
| Defendant. | ) |

Civil No. 06-4038-MJR (Consolidated)

| | |
|---|---|
| CHUCK TWARDOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL JOHANNS, SECRETARY OF | ) |
| THE UNITED STATES DEPARTMENT | ) |
| OF AGRICULTURE, JOB CORPS | ) |
| NATIONAL FIELD OFFICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the plaintiffs' joint motion to compel the defendant Secretary of the Department of Agriculture to produce the employment records for Roy Lee, including disciplinary actions involving Lee. **(Doc. 46).** The defendant weakly objects that the requested documents are not relevant, and are otherwise protected by the Privacy Act, 5 U.S.C. § 552a. **(Doc. 50).** Defendant acknowledges that the Privacy Act can be overridden by a court order, but requests that home

1

addresses, home telephone numbers, marital status and other personal identifiers be redacted, as well as Social Security numbers, health and insurance information. Defendant further requests that the disclosure of disciplinary actions be limited to the time period prior to when Lee was promoted to the position at issue. In response, plaintiffs clarify that disciplinary actions commenced or regarding events prior to Lee's promotion should be included, irrespective of whether discipline was imposed. **(Doc. 51).**

Defendant's objections are not well taken. Lee's employment record and any disciplinary matters, irrespective of whether discipline was imposed, are all subject to discovery. A comparison of the plaintiffs and Lee is at the core of this employment discrimination case.

The defendant's desire to withhold or redact personal identifiers, and health, financial and insurance information is understandable and such protection is warranted. Furthermore, plaintiffs do not object to such measures.

Disciplinary matters that arose and were investigated and resolved after Lee's promotion are relevant and discoverable. Obviously, entirely new disciplinary matters are not relevant to the promotion decision and are immune from discovery.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to compel the defendant to produce the employment records for Roy Lee, including disciplinary actions involving Lee, **(Doc. 46)** is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 20, 2007**, the defendant shall produce Roy Lee's personnel file to the plaintiffs. Defendant may redact or omit home addresses, home telephone numbers, marital status and other personal identifiers, as well as Social Security numbers, health and insurance information. Disciplinary matters occurring entirely after Lee was promoted

need not be produced.

    **IT IS SO ORDERED.**

    **DATED:  July 6, 2007**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**